UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT DANIEL KILLAM,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-25-1143-R |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 6]. Judge Erwin recommends denial of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] challenging his conviction for sexual battery in the District Court of Cotton County, Oklahoma. Petitioner Robert Daniel Killam, a prisoner proceeding pro se, subsequently filed a Supplement he entitled "Petition Clarification Application of Post Conviction Relief" [Doc. No. 9]. In the absence of other filings from the Petitioner, this Court will construe the Supplement, which was filed after Defendant received Judge Erwin's Report, as an Objection[1] to the Report. The Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

## LEGAL STANDARD

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court

---

[1] This filing will hereinafter be referred to as Petitioner's "Objection."

1

reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A petitioner waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds *pro se*, the Court will construe his objections liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

## DISCUSSION

In his Petition, Petitioner challenges the validity of his conviction for sexual battery, arguing he did not knowingly enter his guilty plea in that case and did not understand the "true implications" thereof. Petitioner argues that the battery of which he was convicted was not sexual in nature and argues he has endured "unnecessary burdens and being mislabeled" because of his plea.[2]

---

[2] After his Petition but prior to his Objection, Petitioner filed a motion he entitled "Application for Post Conviction Relief" [Doc. No. 7]. The Court has examined the motion and finds the arguments presented within it are the same as those in the Petition and/or Objection.

2

In his Report, Judge Erwin found the Petition was untimely because it was filed over nineteen years after the limitations period had expired. Judge Erwin further found no statutory or equitable bases existed to toll the limitations period, and recommended dismissal of the Petition.

Construed liberally, Petitioner's Objection could be challenging Judge Erwin's findings that (1) equitable tolling should not extend his limitations period and/or (2) Petitioner failed to argue his actual innocence and thus is not entitled to additional time to file.

Equitable tolling is only available when an extraordinary circumstance prevented timely filing and the petitioner has been diligent in pursuing his habeas claims. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner bears the burden of demonstrating equitable tolling applies. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011).

In his Objection, Petitioner states that he has no legal experience or credentials and is suffering because of professionals who failed in their obligation to properly administer justice. In his Petition, Petitioner stated that the primary reason for his failure to timely file stems from "[b]eing misinformed and pertaining to my original case, different individuals have told me different accounts of procedure to eliminate this burden, I was informed – 'it is virtually impossible to get this off my record,' 'I have to wait for a period of 10 years, with no felony convictions' or 'I have to have substantial amounts of finances to challenge the courts and more finances for council'" [Doc. No. 1-2 at p. 1].

The Tenth Circuit has held "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220

3

(10th Cir. 2000) (citation omitted). However, an attorney's misconduct can in some cases constitute an extraordinary circumstance entitling a petitioner to equitable tolling. But even assuming some of those who "misinformed Petitioner" were his attorneys, this is still not enough to amount to extraordinary circumstances. *See Allen v. Clements*, 467 Fed. App'x 784, 786 (10th Cir. 2012) (unpublished) (citing *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007)) ("In order for an attorney's mistake to entitle the petitioner to equitable tolling, it must rise to the level of 'egregious misconduct'; normal attorney negligence is insufficient."). *See also Fleming*, 481 F.3d at 1255-56 (indicating that attorney misconduct might amount to egregiousness where attorneys made affirmative misrepresentations, failed to communicate with clients, and failed to return client papers) (citations omitted). Not only does Petitioner fail to specifically argue that attorney misconduct led to his untimely Petition, but he also does not allege that the statements that delayed his filing were false or misleading.

Furthermore, Petitioner does not mention in his Petition or subsequent filings any steps he took to diligently pursue his claims. Nor does Petitioner explain why he waited over twenty years to file his habeas petition. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding petitioner provided no specificity regarding his alleged lack of access to case law or steps taken to diligently pursue his federal claims). The Court agrees with Judge Erwin that equitable tolling is not appropriate here.

Judge Erwin also found Petitioner made no attempt to argue he was actually innocent of the crime and therefore Petitioner was not entitled to additional time to file. However, Petitioner argued in his Objection and his Petition that he should not have been convicted of a crime as serious as sexual battery—instead he claims he did not carry out any sexual behavior and has been mislabeled as a sexual offender. Liberally construed, this could be Petitioner attempting to argue he is innocent of the crime of sexual battery.

"[A]ctual innocence, if proved, serves as a gateway" a petitioner may use in the case of expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *House v. Bell*, 547 U.S. 518, 537-38 (2006)) (citation and internal quotation marks omitted). But the "gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1031 (quoting *Perkins*, 569 U.S. at 401) (citation and internal quotation marks omitted).

Petitioner has failed to open the gateway. He has not presented any new evidence, much less evidence that might make it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Nor does he argue that he is actually innocent of his crime—instead he contends that he has been "mislabeled" and admits that

5

"[a]ll I am guilty of is being drunk and giving a woman a hug who wasn't anticipating it." Doc. No. 9 at p. 3. This is hardly a credible claim of actual innocence.

Ultimately, Petitioner's objection presents no persuasive argument or authority that would cause this Court to reject Judge Erwin's application of AEDPA's statute of limitations and tolling provisions. The Court therefore fully ADOPTS the Report and Recommendation [Doc. No. 6]. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED. Defendant's Motion for Post Conviction Relief [Doc. No. 7], asserting the same grounds for relief as those stated in his Petition, is also DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 12th day of November, 2025.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE